IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL L. STRATTON,<br><br>Defendant. | Case No. 15-40084-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's Motion to Reconsider (Doc. 64). Defendant asks the court to reconsider its Order denying defendant's Motion to Suppress (Doc. 59). For reasons explained below, the court denies defendant's Motion.

As the court explained in its Order denying defendant's Motion to Suppress, no Fourth Amendment violation occurred because Sony did not act as a government agent when it searched the PSN account associated with defendant and disclosed information from his account to the National Center for Missing and Exploited Children. Before filing his post-suppression hearing memorandum, defense counsel attempted to locate any correspondence between Sony and the FBI to prove that an agency relationship existed. Defendant sought and obtained an Order to Compel (Doc. 52). The FBI "did not produce a single email or document." Doc. 64 at 2. The court thus denied defendant's Motion to Suppress (Doc. 19), in part, because Sony acted as a private entity, not a government agent, when it searched Susan_14's account. Without any evidence that Sony acted at the government's request when it searched Susan_14's account, the

court was unwilling to assume that Sony acted as a government agent and thus violated defendant's Fourth Amendment rights.

In his Motion to Reconsider, defendant reasserts his argument that because Sony did not produce any documents, the court should presume that an agency relationship existed with Sony. The only law defendant supports for this proposition is *Graves v. United States*, 150 U.S. 118, 121 (1893) ("The rule . . . is that, if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable."). Defendant contends that if the court had applied this presumption, it would have reached a different outcome on the Fourth Amendment issue.

Courts in the District of Kansas have adopted the same standard for evaluating a motion to reconsider in the criminal context as motions to reconsider in the civil context. *United States v. D'Armond*, 80 F. Supp. 1157, 1170 (D. Kan. 1999). "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing D. Kan. Rule 7.3). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* (citing *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994)). Defendant does not assert an intervening change in controlling law. And, defendant does not contend new evidence now is available that was not available before. So, the court considers only whether its failure to apply defendant's presumption demonstrates a "need to correct clear error or prevent manifest injustice." *D'Armond*, 80 F. Supp. at 1170. The court concludes that it does not.

Defendant's argument fails both legally and logically.  First, defendant does not cite, and the court does not find, any authority for this presumption in the Fourth Amendment context.  The single case defendant relies on for his proposition not only refers to a different issue, but also predates the Order denying his Motion to Suppress by 124 years.  Defendant never identifies any case that has applied *Graves* in the fashion that he would have the court apply it here.  Second, defendant asks the court to presume an agency relationship existed because the FBI did not produce any of its email correspondence with Sony.  But the FBI has searched its database and concluded that nothing exists to produce.  The FBI represented that it did not locate any emails in the "FBI database for any information about 'Susan_14,' 'Mariko Kawaguchi,' or 'June 27, 2012.'"  Doc. 59 at 6.  In other words, defendant sought production of the emails to prove that an agency relationship between Sony and the FBI existed, and apparently asks the court to presume an agency relationship existed because no emails exist to refute such a relationship.  This is not a logical leap the court is willing to make, especially without any legal authority to support it.  Defendant's Motion to Reconsider (Doc. 64) is thus denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Reconsider (Doc. 64) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of March, 2017, at Topeka, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**